IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FRANKENMUTH MUTUAL INSURANCE COMPANY, an insurance company, ) ) ) ) | |
| PLAINTIFF, ) ) | |
| vs. ) ) | CIVIL ACTION NO.:  1:22-CV-205 |
| PERSONAL TOUCH BY JR RIVAS, INC., a corporation, and ROBERT NELMS, an individual, ) ) ) ) | |
| DEFENDANTS. ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Comes now Frankenmuth Mutual Insurance Company [hereinafter "FMIC"] and states to the Court as follows:

### PARTIES AND JURISDICTION

1. Plaintiff FMIC is an insurance company incorporated under the laws of, and has its principal offices located in, the State of Michigan. FMIC is authorized and qualified to do business in the State of Alabama. FMIC is a citizen of the State of Michigan for purposes of diversity jurisdiction.

2. Defendant Personal Touch by JR Rivas, Inc. [hereinafter "Personal Touch"] is incorporated under the laws of the State of Alabama, and has its principal office located in Marengo County, Alabama. Personal Touch is a

resident citizen of the State of Alabama for purposes of diversity jurisdiction.

3. Defendant Robert Nelms [hereinafter "Nelms"] is over the age of nineteen (19) years and is a resident citizen of St. Clair County, Alabama. Nelms is a resident citizen of the State of Alabama for purposes of diversity jurisdiction.

4. An actual justiciable controversy exists between the Plaintiff and the Defendants involving rights and liabilities existing under a contract of insurance issued by FMIC to Personal Touch. The dispute and controversy involves more than Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

5. Jurisdiction in this cause is based upon the amount in controversy and diversity of citizenship (28 U.S.C. §1332).

6. Venue is proper in the United States District Court for the Southern District of Alabama pursuant to 28 U.S.C. §1391 because Defendant Personal Touch is a resident of the Southern District of Alabama.

## FACTS AND ALLEGATIONS

7. FMIC issued a Business Auto Policy to Personal Touch, said policy being further identified as policy number 6648313 [hereinafter "the policy"]. A true and correct copy of the policy is attached hereto as Exhibit A.

8. The policy provides coverage for certain losses and other insured perils as established by the express terms of the insurance contract. The policy provides the following coverage limits:

| | |
|---|---|
| Liability | $1,000,000 |
| Auto Medical Payments | $ 5,000 |
| Physical Damage Collision Coverage | Actual Cash Value or cost of repair, whichever is less, minus deductible for each covered "auto" shown in Item Three |

9. The sole named insured identified in the policy is, "PERSONAL TOUCH BY JR RIVAS, INC."

10. The policy includes a Business Auto Coverage Form that is amended by means of an endorsement[1] [hereinafter "Alabama Named Driver Exclusion Endorsement"] which reads as follows:

*THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CARFULLY.*

*Alabama Named Driver Exclusion Endorsement*

*This endorsement modifies insurance provided under the following:*

*AUTO DEALERS COVERAGE FORM*
*BUSINESS AUTO COVERAGE FORM*
*COMMERCIAL LIABILITY UMBRELLA COVERAGE FORM*
*MOTOR CARRIER COVERAGE FORM*

*With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.*

---

[1] Endorsement 05682(1-17).

*This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.*

    *Endorsement Effective:    03/18/2020*
    *Named Insured:    PERSONAL TOUCH BY JR RIVAS INC*

*It is hereby agreed that with respect to such insurance as is afforded under this policy, the Company shall not be liable for damages, losses or claims arising out of the operation or use of the automobile(s) described in the policy or any other automobile to which the terms of this policy are extended, whether or not such operation or use was with the express or implied permission of its owner, while said automobile is being driven or operated by the following named person(s):*

*SCHEDULE*

*Name Of Excluded Driver(s):    Robert Nelms*

*This exclusion is valid until cancelled by the Company and shall apply to any renewal, substitute or replacement policy issued by the Company.*

*In all other respects this policy remains unchanged. The Named Insured accepts this endorsement as witnessed by his/her signature signifying agreement.*

    **11.**    The endorsement is dated 4/8/20 and is signed by the Named Insured. A copy of the endorsement is attached hereto as Exhibit 2.

    **12.**    On April 1, 2022, while operating a 2019 Chevy Silverado 2500HD (VIN 1GC1KREG4K217446), Nelms was involved in an accident. Nelms rear-ended another vehicle causing property damage to both vehicles and bodily injury to the driver and occupant of the other vehicle.

    **13.**    On April 6, 2022, FMIC issued a declination of coverage letter to Personal Touch. The declination letter cites to the Alabama Named Driver Exclusion Endorsement as the basis for the finding of no coverage. The declination letter from FMIC's representative states in pertinent part as

follows: "Because Robert Nelms is an excluded driver, I must respectfully deny coverage for this claim."

**14.** Upon receiving the declination letter in early April, Personal Touch informed FMIC that it disagreed with the coverage determination made by FMIC.

**15.** Personal Touch contends that the Alabama Named Driver Exclusion Endorsement does not bar coverage for the April 1, 2022, auto accident involving a vehicle being driven by Nelms ["the auto accident"].

**16.** It remains FMIC's position that there is no coverage for the auto accident because Nelms is an excluded driver pursuant to the express terms of the Alabama Named Driver Exclusion Endorsement.

**17.** By asserting a specific defense to coverage FMIC does not waive any additional defenses, at law or pursuant to the terms of the subject policy, and expressly reserves the right to assert any additional defenses to coverage which may prove to be applicable.

WHEREFORE, premises considered, FMIC prays this Court will accept jurisdiction of this cause and upon hearing the issues will grant the following relief:

    **I.** Declare that the FMIC policy issued to Personal Touch provides no coverage to Personal Touch and/or Nelms for loss from or related to the auto accident;

    **II.**    Grant to FMIC any further, other or different relief to which it may be entitled.

/s/ Kori L. Clement
Kori L. Clement
Attorney for Frankenmuth Mut. Ins. Co.

**OF COUNSEL:**
KLASING, WILLIAMSON & BURKE P.C.
1601 Providence Park
Birmingham, Alabama 35242
Tele: (205)980-4733

**Defendants will be served by certified mail as follows:**

Personal Touch by JR Rivas, Inc.
Attention: JR Rivas
7796 County Road 19
Demopolis, AL 36732

Robert Nelms
101 Ash Ave
Pell City, AL 35128